UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05 ~ 10 6 3 8 RGS DOCKET NO:

MAGISTRATE JUDGE

|  |  |
|---|---|
| WALTER WYTHE, JR.,<br>Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| LOWE'S HOME CENTERS, INC.,<br>Defendant. | )<br>)<br>)<br>) |

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. § 1446(a), the defendant, Lowe's Home Centers, Inc., hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) and states the following grounds for removal:

1. On February 22, 2005, the plaintiff filed an action, styled and captioned as above and assigned Civil Action No. 0515CV264, for negligence and breach of implied warranty of habitability and fitness for use against the defendant in Brockton District Court.

2. The plaintiff served the Summons, Complaint, and Statement of Damages upon the defendant on or about March 4, 2005.

3. The Summons, Complaint, and Statement of Damages constitute all process, pleadings, and orders served on the defendant to date in this action. Copies of the Complaint and Statement of Damages are attached as Exhibit A.

4. Having been filed within 30 days of service of the Summons and Complaint upon the defendant, this Notice of Removal to the United States District Court has been filed in a

949040v1

timely manner pursuant to the provisions of 28 U.S.C. § 1446(b).  See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999).

5.       The defendant will promptly provide written notice, as required by 28 U.S.C. § 1446(d), to the adverse party and clerk of the state court in which this case was initially filed.

6.       Jurisdiction exists over this removed action, pursuant to 28 U.S.C. § 1441, because this action could originally have been filed in this Court, pursuant to 28 U.S.C. § 1332(a)(1), on the basis that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000:

   a.       The defendant, Lowe's Home Centers, Inc., is a North Carolina corporation with its principal place of business in Wilkesboro, North Carolina.

   b.       Based on the Complaint, the plaintiff is an individual residing in Brockton, Massachusetts.

   c.       Based on the plaintiff's $275,000 demand for settlement and stated damages in the amount of $89,763.47, the amount in controversy exceeds $75,000.  A copy of the demand letter is attached as Exhibit B.

7.       Pursuant to 28 U.S.C. §§ 101 and 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal of the state court action which was commenced in Brockton District Court.

WHEREFORE, the defendant requests that the action pending in Plymouth County be removed therefrom to this Court and proceed as an action properly so removed.

2

949040v1

Respectfully submitted,
The defendant,
Lowe's Home Centers, Inc.,
By its Attorneys


_____
Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
Morrison Mahoney LLP
250 Summer Street
Boston, MA  02210
Tel. (617) 439-7500

Dated: _March 31, 2005_


## CERTIFICATE OF SERVICE

I, Jacy L. Wilson, hereby certify that a true and correct copy of the foregoing document was served by mail upon the following attorney of record on March _31_ , 2005:

John T. Spinale, Esquire
Spinale & Spinale
45 Bristol Drive
South Easton, MA 02375


_____
Jacy L. Wilson, Esquire

3

949040v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.   Title of case (name of first party on each side only)___ Walter Wythe, Jr. v. Lowe's Home Center, Inc.

2.   Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐   I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ☒   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ☐   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ☐   V.    150, 152, 153.

3.   Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _None_____

4.   Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                               YES ☐    NO ☒

5.   Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

                                               YES ☐    NO ☒

     If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                               YES ☐    NO ☐

6.   Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                               YES ☐    NO ☒

7.   Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                               YES ☐    NO ☒

     A.   If yes, in which division do all of the non-governmental parties reside?

          Eastern Division ☐       Central Division ☐       Western Division ☐

     B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

          Eastern Division ☒       Central Division ☐       Western Division ☐

8.   If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                               YES ☐    NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___Thomas C. Federico/Jacy L. Wilson_____

ADDRESS _____Morrison Mahoney, 250 Summer Street, Boston, MA 02210-1181_____

TELEPHONE NO. ___617-439-7500_____

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Walter Wyeth, Jr.

**DEFENDANTS**
Lowe's Home Center, Inc.

**(b)** County of Residence of First Listed Plaintiff __Plymouth__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
John T. Spinale
Spinale & Spinale
45 Bristol Drive
South Easton, MA 02375 (508-230-5353)

Attorneys (If Known) Thomas C. Federico
Jacy L. Wilson
Morrison Mahoney LLP
250 Summer Street, Boston, MA 02210-1181
(617) 439-7500

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product  Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability  ☐ 365 Personal Injury — | of Property 21 USC | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &  Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander  ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'  Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability  Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine  **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product  ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability  ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability  ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal Injury  Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIW C/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting  ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment  Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/  Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Determination Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations  ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare  ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights  ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | State Statutes |
| | ☐ 550 Civil Rights | Security Act | 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____   DOCKET NUMBER _____

DATE March 31, 2005

SIGNATURE OF ATTORNEY OF RECORD  _Jacy L. Wilson_

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.                                BROCKTON DISTRICT COURT
                                             C.A. NO: *0515 CV 264*

```
=================================
WALTER WYTHE, JR.,                    )
        Plaintiff                     )
                                      )
vs.                                   )        COMPLAINT
                                      )
LOWE'S HOME CENTERS, INC.,            )
        Defendant                     )
=================================
```

## PARTIES

1.    The plaintiff is Walter Wythe, Jr. of 268 Pleasant Street, Brockton,

      Massachusetts.

2.    The defendant is Lowe's Home Centers, Inc., a duly organized corporation,

      having its usual place of business at 135 Westgate Drive, Brockton,

      Massachusetts.

## COUNT I. NEGLIGENCE

3.    On or about April 28, 2002, and at all other times material hereto, the defendant

      was the owner of, and person in control of, the premises located at 135

      Westgate Drive, Brockton, Massachusetts, and operated upon said premises a

      retail store known as a home improvement center which was open to the public

      and invited the public upon the premises for business purposes.

SPINALE & SPINALE
ATTORNEYS AT LAW
45 BRISTOL DRIVE
SO. EASTON, MA 02375-1916

(508) 230-5353

4.  On or about April 28, 2002, the plaintiff, Walter Wythe, Jr., was a business invitee and was lawfully upon the premises of the defendant, and, in fact, was there as a customer to do some shopping.

5.  At all times material hereto, while the plaintiff was on the premises of the defendant, the plaintiff was in the exercise of due care.

6.  On or about April 28, 2002, the defendant, by its agents, servants or employees, so carelessly and negligently handled boxes of merchandise so as to cause one box to fall upon the plaintiff, causing him to suffer severe and permanent bodily injury.

7.  More particularly, while the plaintiff was walking in an aisle doing some shopping, an employee of the defendant was handling a box of merchandise while on a ladder. This employee dropped this box of merchandise, which fell directly upon the plaintiff, causing him severe and permanent bodily injuries.

8.  As a result thereof, the plaintiff was obliged to spend great sums of money for medical care and attendance, was prevented from transacting business, was prevented from carrying out his usual occupation and lost great sums of money because of lost earnings, all as a result of the negligence of the defendant, its agents, servants or employees. The plaintiff further has suffered serious and permanent loss of bodily function, and was caused to be disabled and continues to be disabled, said disability being permanent.

WHEREFORE, the plaintiff demands judgment against the defendant, together with costs for bringing this action.

SPINALE & SPINALE
ATTORNEYS AT LAW
45 BRISTOL DRIVE
SO. EASTON, MA 02375-1916

(508) 230-5353

2

## COUNT II.  BREACH OF IMPLIED WARRANTY OF HABITABILITY

## AND FITNESS FOR USE

9.    The plaintiff repeats and realleges all facts contained in paragraphs 1 through 8 of this Complaint as if fully set out herein.

10.   On or about April 28, 2002, the plaintiff, Walter Wythe, Jr., was a business invitee upon the premises of the defendant and was, in fact, shopping on the premises of the defendant at the defendant's invitation.

11.   At said time and place, the defendant failed in its obligation to maintain the areas and passageways of its premises in a safe and habitable condition.  More particularly, the defendant has an obligation to maintain the aisle ways and areas where business invitees are invited in a safe condition.

12.   The defendant failed in its obligation to maintain the aisle ways of its store in a safe condition and through the activities of the defendant's agents, servants and employees, caused a hazardous condition to exist, said condition resulting in the severe injury to the plaintiff.

13.   As a result thereof, the plaintiff was severely injured and was obliged to expend great sums of money for medical care and attendance, was prevented from transacting business, was prevented from carrying out his usual occupation and lost great sums of money because of lost earning, all as a result of the failure of the defendant to maintain the premises in a safe condition.  The plaintiff has further suffered serious and permanent loss of bodily function, and was caused

to be disabled as a result of injuries received in this accident, and continues to

be disabled, said disability being permanent.

WHEREFORE, the plaintiff demands judgment against the defendant for

damages suffered and costs of bringing this action.

WALTER WYTHE, JR.,
By his Attorney,

John T. Spinale, Esquire
SPINALE & SPINALE
45 Bristol Drive
South Easton, MA 02375-1916
(508) 230-5353
BBO #475540

Date: February 9, 2005

SPINALE & SPINALE
ATTORNEYS AT LAW
45 BRISTOL DRIVE
SO. EASTON, MA 02375-1916

(508) 230-5353

4

| STATEMENT OF DAMAGES<br>St. 1996, c. 358, § 5 | DATE FILED (to be added by Clerk) | DOCKET NO. (to be added by Clerk) | Page 5 of 5<br>Trial Court of Massachusetts<br>District Court Department |
|---|---|---|---|

| PLAINTIFF(S)<br><br>WALTER WYTHE, JR. | DEFENDANT(S)<br><br>LOWE'S HOME CENTERS, INC. |
|---|---|

| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES IN BARNSTABLE, BERKSHIRE, BRISTOL, DUKES, ESSEX, FRANKLIN, HAMPDEN, HAMPSHIRE, MIDDLESEX, NANTUCKET AND NORFOLK COUNTIES | BROCKTON _____ DISTRICT COURT |
|---|---|

## TORT CLAIMS

| | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| 2. Total doctor expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 7,372.47 |
| 3. Total chiropractic expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 4,645.00 |
| 4. Total physical therapy expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| 5. Total other expenses (Describe): ___MRIs___ | $ 2,156.00 |
| | $ 5,590.00 |
| SUBTOTAL: | $ 19,763.47 |
| B. Documented lost wages and compensation to date: . . . . . . . . . . . . . . . . | |
| C. Documented property damages to date: . . . . . . . . . . . . . . . . . . . . . . . . | 40,000.00 |
| D. Reasonably anticipated future medical and hospital expenses: . . . . . . . . . | |
| E. Reasonably anticipated lost wages: . . . . . . . . . . . . . . . . . . . . . . . . . . . | 10,000.00 |
| F. Other documented items of damage (Describe): _____ | 20,000.00 |

G. Brief description of Plaintiff's injury, including nature and extent of injury (Describe):
On or about 4/28/02, while the plaintiff was shopping at the premises of the defendant, a box of merchandise fell upon the plaintiff, causing him to suffer severe and permanent bodily injury.

| For this form, disregard double or treble damage claims; indicate single damages only. | TOTAL: | $ 89,763.47 |
|---|---|---|

## CONTRACT CLAIMS

| | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |
| For this form, disregard double or treble damage claims; indicate single damages only. | TOTAL: $ |

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF):<br><br>Signature _____ Feb. 9, 2005<br>                            Date<br>John T. Spinale, Esq.     475540<br>Print or Type Name               B.B.O.#<br>45 BRistol Dr., So. Easton, MA 02375<br>Address | DEFENDANT'S NAME AND ADDRESS:<br><br>Lowe's Home Centers, Inc.<br><br>135 Westgate Drive<br><br>Brockton, MA 02301 |
|---|---|

LAW OFFICES
# SPINALE & SPINALE
45 BRISTOL DRIVE
SO. EASTON, MASSACHUSETTS 02375-1916

JOHN T. SPINALE
JOHN (JAY) S. SPINALE

(508) 230-5353
FAX (508) 230-5310

April 15, 2004


SRS
P.O. Box 29618
Charlotte, NC 28229

**ATTENTION: LEE SMITH**

RE:  Your Client:      Lowe's Company, Inc.
     Claimant:         Walter Wythe, Jr.
     Date of Accident: 04/28/2002
     Your Claim #:     **CFA32177**

Dear Ms. Smith:

As you know, I represent Walter Wythe, Jr. in his claim against Lowe's Company, Inc. as a result of injuries received in the above incident. I am enclosing at this time a package of documents regarding my client's claim as a result of these injuries. This accident occurred when my client was a business invitee at the Lowe's store in Brockton, MA. He was walking in an aisle he believed was Aisle #29 and was near a spot where an employee was up on a ladder getting a box from an upper shelf. The employee dropped the box and it fell, striking Mr. Wythe on the head. He believes this knocked him down and he had to get up. The employee on the ladder came to him and said that he was sorry. Mr. Wythe felt stunned and quite upset. He was interviewed by a person identified as an Assistant Manager in the store at that time, and he submitted a written report to this person in regard to what had happened. I suggest to you that liability in this matter is clear.

At the time this happened, Mr. Wythe had a friend waiting for him in his car outside the store. He went to his car and had his friend drive him to the Brockton Hospital where he was examined, x-rayed, treated, given a neck brace and medication, and released with instructions to see his primary care physician. He was diagnosed as having a closed head injury and cervical strain. Enclosed in this package is a copy of the report of the Brockton Hospital.

Mr. Wythe saw his primary care physician, Dr. Bradley Harris, on April 30, 2002. He again was examined, given medications and told to wear his neck brace and to stay out of work. At this time Mr. Wythe was experiencing severe headaches, neck and shoulder pain, and pain down his left arm, as well as down his back. He

SRS
Attn: Ms. Smith
RE: WYTHE / LOWE'S #CFA 32177
Apr. 15, 2004
Page 2


was not able to lay down and had to sleep in a chair at home. Mr. Wythe continued to be treated by Dr. Harris and continued to remain out of work. However, his symptoms did not improve and, in fact, seemed to get worse. He, therefore, was sent for an MRI which took place on May 22, 2002, and which showed bulging discs at C4-5 and C5-6 without significant nerve impingement. He was told to stay out of work and was referred to physical therapy. Mr. Wythe began physical therapy at Braintree Healthsouth Hospital and continued with physical therapy on a regular basis until August 1, 2002. At this time he seemed to be somewhat improved and was given a home exercise program to follow. His improvement, however, was minor and he continued to have significant symptoms. He continued to have severe headaches with pain in his neck and shoulders and down both arms.

In August of 2002, Dr. Harris told my client he could try working on a light-duty basis to see how it went. He is a union laborer who was working as a foreman, and this is heavy physical work. He did, however, go back to work for Boston Building & Bridge Corporation on August 26, 2002 at $23.50 per hour. This is $1.00 per hour less than he was earning at the time that his accident occurred. He worked in severe pain and discomfort, but was in a position where he was completely out of funds and had to have some income to survive. Mr. Wythe said he had to take about 10 Percocets a day to get through the workday.

Because of the persistent severe symptoms, Dr. Harris referred Mr. Wythe to a neurosurgeon, Dr. Dawn Pearson, for further evaluation. Dr. Pearson saw him on October 3, 2002 and found significant loss of range of motion to the neck and loss of sensation to pinprick over both arms and suggested further diagnostic testing. MRIs of the spine were taken shortly thereafter and showed central disc herniation at T6-7, but no other abnormalities.

Mr. Wythe continued to use Percocets to get him through the workday, but this became more and more difficult, and finally he was forced to stop work on December 16, 2002. Dr. Pearson had recommended additional physical therapy; however, Mr. Wythe said that the physical therapy made his symptoms worse, and he was reluctant to do this. He was then referred to Dr. Michael Marciello, a pain and rehabilitation therapist.

I have enclosed in this package the bills and notes of Dr. Harris, Dr. Pearson and the Braintree Healthsouth Rehabilitation Hospital. These notes fairly well detail the complaints, findings, treatments and disability of Mr. Wythe. He then began treatment with Dr. Marciello on February 11, 2003.

SRS
Attn: Ms. Smith
RE: WYTHE / LOWE'S #CFA 32177
Apr. 15, 2004
Page 3

Dr. Marciello gave him some injections and this seemed to help the stiffness in his neck somewhat, but not very much. He continued to have headaches and pain in both arms. Also, he continued to be unable to work. He was, however, able to reduce the use of Percocets to no more than 1 or 2 a day while he was out of work. Additionally, he continued to experience some dizziness.

Mr. Wythe continued treating with Dr. Marciello and finally went back to work again on April 1, 2003. This time he was working as a laborer, not a foreman. This, of course, means that he was making less money. He went back to work at $20.85 an hour. He continued to work at this rate until February 1, 2004 when the hourly rate was increased to $21.20. As a foreman he was guaranteed 40 hours per week and had a company pick up truck to use. He does not have these advantages as a laborer.

He continued to see Dr. Marciello and had several more cortisone shots through the year 2003. This seemed to help some, but significant symptoms remained. Also enclosed in this package of documents are the notes of Dr. Marciello and his narrative report dated March 23, 2004. As you can see, Dr. Marciello now believes that Mr. Wythe has reached a medical end result, and that he has a 10% permanent impairment of the whole person as a result of injuries received in this accident. Mr. Wythe continues to take 3-4 Percocets to get him through the day's work, and takes many other medications to address symptoms caused by this accident. This includes medication for depression.

Special damages incurred by my client to date as a result of injuries received in this accident are as follows:

| | |
|---|---|
| Brockton Hospital | $ 443.18 |
| Tri-County Medical Associates (Dr. Harris) | 1,137.00 |
| Milford-Whtingsville Regional Hospital | 1,390.00 |
| Braintree Healthsouth Rehabilitation Hospital | 2,156.00 |
| Neurology Associates (Dr. Pearson) | 555.00 |
| Open MRI of Dedham | 4,200.00 |
| Milford Emergency Associates (Dr. Marciello) | 1,600.00 |
| Faulkner Hospital | 6,929.29 |
| Lost Wages | 40,000.00 |
| | |
| Special Damages | $58,410.47 |

SRS
Attn: Ms. Smith
RE: WYTHE / LOWE'S #CFA 32177
Apr. 15, 2004
Page 4

I do not believe that these medical bills listed above include the most recent visits to Dr. Marciello and his most recent cortisone shots.

At the time of this accident, Mr. Wythe was 37 years of age, divorced without children, and was living by himself. He did not graduate from high school, but did obtain a G.E.D. He was employed as a union laborer as a foreman, earning $24.50 per hour, plus his health and welfare benefits, which amounted to more than $10.00 per hour. He also had use of the company truck. He was out of work 17 weeks from the time of this accident until he tried working again in August of 2002. Enclosed in this package is a wage letter from EJ Sciaba Company. This shows the total paid to Mr. Wythe the 11 months prior to the accident, which was the total period of employment by this employer. The gross wages were $53,471. This amounts to about $57,000 per year, or $1,150 per week. This, of course, does not consider the loss of health and welfare benefits, which he suffered during this time.

Although Mr. Wythe continues to work, he is making less money, and his doctor has repeatedly advised him to stop working. In fact, as you can see from Dr. Marciello's report, he has advised Mr. Wythe to change his occupation. With Mr. Wythe's limited education and work experience, this is very difficult. He is not suited for technical-type work, and with his limited education, and now physical limitations, retraining is very difficult. He is not married and lives by himself. He has to support himself and cannot continue to do this type of work. Also, as you can see, he takes an unusual amount of medications to get himself through the day and to get a night's sleep. Mr. Wythe, however, does want to get on with his life. In order to do this, it will be necessary for him to make substantial changes in his lifestyle. Also, enclosed in this package are copies of income tax returns for the years 2001, 2002 and 2003. As you can see, Mr. Wythe's income has dropped substantially in the 2 years since this accident occurred.

Having in mind that this is a clear liability case, and that Mr. Wythe has been assessed as suffering a 10% permanent loss of function of the whole person at now age 39, I suggest to you that reasonable compensation for the loss suffered as a

SRS
Attn: Ms. Smith
RE: WYTHE / LOWE'S #CFA 32177
Apr. 15, 2004
Page 5


result of this injury would be $275,000.  May I ask that you contact me upon review of this so that we may discuss this matter further.

Very truly yours,

SPINALE & SPINALE

John T. Spinale

JTS/pct
Enc.