# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER

RHODE ISLAND
PROVIDENCE

CONNECTICUT
HARTFORD

NEW YORK
NEW YORK

NEW JERSEY
PARSIPPANY

ENGLAND
LONDON

Jacy L. Wilson
Direct Dial: 617-717-8865
Direct Fax: 617-342-4850
jwilson@morrisonmahoney.com

April 19, 2005

Civil Clerk's Office
United States District Court
One Courthouse Way
Boston, MA 02110

Re:   Walter Wythe, Jr. v. Lowe's Home Centers, Inc.
      United States District Court for the District of Massachusetts
      Civil Action No:  05CV10638 RGS
      Our File No.:  10018033

Dear Sir or Madam:

The above-referenced action was removed to this Court from the Brockton District Court on March 31.  In connection with said removal, enclosed please find for filing and docketing certified copies of all records and pleadings, as well as a certified copy of the docket sheet, from the Brockton District Court.

Thank you for your assistance with this matter.

Sincerely,

Jacy L. Wilson

Enclosures
cc:    John T. Spinale, Esq.

950468v1

| CIVIL DOCKET | 200515CV000264 | The Commonwealth of Massachusetts District Court Department |
|---|---|---|

**CASE NAME**
WALTER WYTHE, JR. vs. LOWE'S HOME CENTERS, INC.

**CURRENT COURT**
Brockton District Court
215 Main Street
P.O. Box 7610
Brockton, MA 02303-7610
(508) 587-8000

| ASSOCIATED DOCKET NO. | DATE FILED 02/22/2005 | DATE DISPOSED 00/00/0000 | |
|---|---|---|---|

**PLAINTIFF(S)**

P01   WALTER WYTHE JR.
268 PLEASANT ST.
BROCKTON, MA

**PLAINTIFF'S ATTORNEY**
JOHN T. SPINALE
45 BRISTOL DR., 1ST FL.
SO. EASTON, MA 02375
(508) 230-5353

**DEFENDANT(S)/OTHER SINGLE PARTIES**

D01   LOWE'S HOME CENTERS, INC.
135 WESTGATE DR.
BROCKTON, MA

**DEFENDANT'S ATTORNEY**
THOMAS C. FEDERICO
250 SUMMER STREET
BOSTON, MA 02210
(617) 439-7500

| NO. | ENTRY DATE | DOCKET ENTRIES |
|---|---|---|
| 1 | 02/22/2005 | Complaint filed on 02/22/2005 at Brockton District Court. |
| 2 | 02/22/2005 | Appearance for Walter Wythe, JR. filed by Attorney JOHN T. SPINALE 45 Bristol Dr., 1St Fl. So. Easton MA 02375 BBO# 475540 |
| 3 | 02/22/2005 | Filing fee of $185.00 and surcharge of $15.00 paid (G.L. c.262 §§ 2 & 4C). |
| 4 | 02/22/2005 | Statement of damages filed by P01  WALTER WYTHE, JR. (Dist./Mun.Cts.Supp.R.Civ.P. 102A). 89,763.47 |
| 5 | 02/22/2005 | DISMISSAL UNDER MASS.R.CIV.P. 4(j) potentially applicable on 06/22/2005 05:00 PM. |
| 6 | 02/22/2005 | DISMISSAL FOR FAILURE TO ACT ON DEFAULT UNDER JOINT STANDING ORDER 1-04 OR DIST. CT. STANDING ORDER 1-98 potentially applicable on 10/31/2005 05:00 PM. |
| 7 | 02/22/2005 | Motion to appoint special process server (Mass.R.Civ.P. 3[c] & 4) filed by P01  WALTER WYTHE, JR. . (to WJM this date) |

| Page 1 of 2 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK  X  Kevin P. Sucha | DATE 4.14.05 |
|---|---|---|---|

Date/Time Printed: 04/14/2005 10:39 AM

# DOCKET CONTINUATION

DOCKET NUMBER

200515CV000264

| NO. | ENTRY DATE | DOCKET ENTRIES |
|-----|-----------|----------------|
| 8 | 03/03/2005 | Motion to appoint special process server (Mass.R.Civ.P. 3[c] & 4) allowed ( Nagle, Jr., Hon. David G. ). Cert. copy mailed to pltff. atty. |
| 9 | 03/14/2005 | Return of service on complaint and summons to D01  LOWE'S HOME CENTERS, INC.: Officer service SERVED to party's agent ON 3/4/05. |
| 10 | 03/14/2005 | DISMISSAL UNDER RULE 4(J) SCHEDULED on 6/22/05 CANCELED. Reason: Other. (served) |
| 11 | 03/31/2005 | Appearance for Lowe's Home Centers, Inc. filed by Attorney THOMAS C. FEDERICO 250 Summer Street Boston MA 02210 BBO# 160830 |
| 12 | 03/31/2005 | Answer filed by D01  LOWE'S HOME CENTERS, INC.. |
| 13 | 03/31/2005 | Jury trial claim on all issues endorsed upon pleading by D01  LOWE'S HOME CENTERS, INC. (G.L. c.231 §103; Mass.R.Civ.P. 38(b)). |
| 14 | 03/31/2005 | DISMISSAL FAIL ACT ON DEFAULT SCHEDULED on 10/31/05 CANCELED. Reason: Other. (answer filed) |
| 15 | 03/31/2005 | CASE MANAGEMENT CONFERENCE SCHEDULED for 07/11/2005 02:00 PM (Dist Ct Standing Order 1-98). |
| 16 | 03/31/2005 | Notice of case management conference sent to parties. |
| 17 | 04/14/2005 | Notice of transfer to Federal Court filed  (contacted Federal Court (Francis-Intake Clerk) Informed to copy entire file, certify and send to Atty Wilson-notifying party |
| 18 | 04/14/2005 | CASE MGMT CONFERENCE SCHEDULED on 7/11/05 CANCELED. Reason: Brought forward. (Case removed to Federal Court) |
| 19 | 04/14/2005 | Case Inactivated: No future events scheduled. |

| Page 2 of 2 | A TRUE COPY, ATTEST: | CLERK-MAGISTRATE/ASST. CLERK | | DATE |
|---|---|---|---|---|
| | X | Kevin P. Scanlon | | 4·14·05 |

Date/Time Printed:  04/14/2005 10:39 AM

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

2005 APR -6 PM 3:29

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

Jacy L. Wilson
Phone: 617-737-8865
Fax: 617-342-4350
jwilson@morrisonmahoney.com

| | |
|---|---|
| MASSACHUSETTS | CONNECTICUT |
| BOSTON | HARTFORD |
| FALL RIVER | |
| SPRINGFIELD | NEW YORK |
| WORCESTER | NEW YORK |
| RHODE ISLAND | ENGLAND |
| PROVIDENCE | LONDON |

April 4, 2005

Civil Clerk's Office
Brockton District Court
215 Main Street
P.O. Box 7510
Brockton, MA 02303-7610

Re:   Walter Wythe, Jr. v. Lowe's Home Centers, Inc.
      Civil Action No.: 0515CV264
      Our File No.: 10018033

Dear Sir or Madam:

Enclosed please find a Notice to State Court of Notice of Removal to Federal Court in connection with the above-referenced action. The Notice of Removal, a certified copy of which is attached to the Notice to State Court, was filed in the United States District Court for the District of Massachusetts on March 31, 2005.

As per the Federal Rules, I am required to submit to the Federal Court certified copies of all records and pleadings in the State Court, as well as a certified copy of the docket sheet, within thirty (30) days of filing the Notice of Removal.

By this correspondence, I request such materials. To that end, kindly contact me at the above telephone number at your earliest convenience to inform me of the total cost for obtaining certified copies of the above-requested materials.

I appreciate your cooperation in this matter. If you have any questions or require any additional materials, please do not hesitate to contact me.

A TRUE COPY ATTEST

*Kevin P. [signature]*

CLERK OF SAID COURT

Sincerely,

*Jacy L. Wilson [signature]*

Jacy L. Wilson

Enclosure
cc:   John T. Spinale, Esquire (*via Certified Mail*)

949563v1

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS

2005 APR 20 P 3: 15    BROCKTON DISTRICT COURT
CIVIL ACTION NO: 0515CV264

|  |  |
|---|---|
| WALTER WYTHE, JR.,<br>Plaintiff, | )<br>)<br>) |
|  | ) |
| v. | ) |
|  | ) |
| LOWE'S HOME CENTERS, INC.,<br>Defendant. | )<br>)<br>) |

## NOTICE TO STATE COURT OF NOTICE OF REMOVAL TO FEDERAL COURT

Please take notice that on March 31, 2005, pursuant to Title 28, United States Code,

Sections 1441 and 1446, the above–captioned action was removed to the United States District

Court for the District of Massachusetts. In accordance with Title 28, United States Code, Section

1446(d), a certified copy of said notice of removal is attached as Exhibit 1.

Respectfully submitted,
Defendant,
Lowe's Home Centers, Inc.,
By its Attorneys,

Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
(617) 439-7500

Dated: _April 4, 2005_

949567v1

## CERTIFICATE OF SERVICE

I, Jacy L. Wilson, hereby certify that a true and correct copy of the foregoing document was served by mail upon the following attorney of record on April 4, 2005:

John T. Spinale, Esquire
Spinale & Spinale
45 Bristol Drive
South Easton, MA 02375


_____
Jacy L. Wilson, Esquire



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05    10638 RGS

WALTER WYTHE, JR.,
Plaintiff,

v.

LOWE'S HOME CENTERS, INC.,
Defendant.

)
)
)
)
)
)
)
)
)
)

I hereby certify on 3/31/05 that the foregoing document is true and correct copy of
☑ electronic docket in the captioned case
☑ electronically filed original filed on _____
☑ original filed in my office on 3/31/05

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts

By:_____
Deputy Clerk

## NOTICE OF REMOVAL

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. § 1446(a), the defendant, Lowe's Home Centers, Inc., hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332 and 1441(a) and states the following grounds for removal:

1. On February 22, 2005, the plaintiff filed an action, styled and captioned as above and assigned Civil Action No. 0515CV264, for negligence and breach of implied warranty of habitability and fitness for use against the defendant in Brockton District Court.

2. The plaintiff served the Summons, Complaint, and Statement of Damages upon the defendant on or about March 4, 2005.

3. The Summons, Complaint, and Statement of Damages constitute all process, pleadings, and orders served on the defendant to date in this action. Copies of the Complaint and Statement of Damages are attached as Exhibit A.

4. Having been filed within 30 days of service of the Summons and Complaint upon the defendant, this Notice of Removal to the United States District Court has been filed in a

949040v1

timely manner pursuant to the provisions of 28 U.S.C. § 1446(b).  See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999).

5.    The defendant will promptly provide written notice, as required by 28 U.S.C. § 1446(d), to the adverse party and clerk of the state court in which this case was initially filed.

6.    Jurisdiction exists over this removed action, pursuant to 28 U.S.C. § 1441, because this action could originally have been filed in this Court, pursuant to 28 U.S.C. § 1332(a)(1), on the basis that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000:

    a.    The defendant, Lowe's Home Centers, Inc., is a North Carolina corporation with its principal place of business in Wilkesboro, North Carolina.

    b.    Based on the Complaint, the plaintiff is an individual residing in Brockton, Massachusetts.

    c.    Based on the plaintiff's $275,000 demand for settlement and stated damages in the amount of $89,763.47, the amount in controversy exceeds $75,000.  A copy of the demand letter is attached as Exhibit B.

7.    Pursuant to 28 U.S.C. §§ 101 and 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal of the state court action which was commenced in Brockton District Court.

    WHEREFORE, the defendant requests that the action pending in Plymouth County be removed therefrom to this Court and proceed as an action properly so removed.

2

Respectfully submitted,
The defendant,
Lowe's Home Centers, Inc. 2005 APR -6 PM 3: 29
By its Attorneys

*Jacy L Wilson*

Thomas C. Federico, BBO #160830
Jacy L. Wilson, BBO #658923
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210
Tel. (617) 439-7500

Dated: *March 31, 2005*

## CERTIFICATE OF SERVICE

I, Jacy L. Wilson, hereby certify that a true and correct copy of the foregoing document was served by mail upon the following attorney of record on March _31_, 2005:

John T. Spinale, Esquire
Spinale & Spinale
45 Bristol Drive
South Easton, MA 02375

*Jacy L Wilson*

Jacy L. Wilson, Esquire

949040v1

3

COMMONWEALTH OF MASSACHUSETTS
2005 APR -6 PM 3:30

PLYMOUTH, SS.                          BROCKTON DISTRICT COURT
                                       C.A. NO: *0515 CV 264*

== ============================
WALTER WYTHE, JR.,                )
        Plaintiff                 )
                                  )
vs.                               )        **COMPLAINT**
                                  )
LOWE'S HOME CENTERS, INC.,        )
        Defendant                 )
== ============================

## PARTIES

1.  The plaintiff is Walter Wythe, Jr. of 268 Pleasant Street, Brockton,

    Massachusetts.

2.  The defendant is Lowe's Home Centers, Inc., a duly organized corporation,

    having its usual place of business at 135 Westgate Drive, Brockton,

    Massachusetts.

## COUNT I.  NEGLIGENCE

3.  On or about April 28, 2002, and at all other times material hereto, the defendant

    was the owner of, and person in control of, the premises located at 135

    Westgate Drive, Brockton, Massachusetts, and operated upon said premises a

    retail store known as a home improvement center which was open to the public

    and invited the public upon the premises for business purposes.

4.  On or about April 28, 2002, the plaintiff, Walter Wythe, Jr., was a business invitee and was lawfully upon the premises of the defendant and, in fact, was there as a customer to do some shopping.

5.  At all times material hereto, while the plaintiff was on the premises of the defendant, the plaintiff was in the exercise of due care.

6.  On or about April 28, 2002, the defendant, by its agents, servants or employees, so carelessly and negligently handled boxes of merchandise so as to cause one box to fall upon the plaintiff, causing him to suffer severe and permanent bodily injury.

7.  More particularly, while the plaintiff was walking in an aisle doing some shopping, an employee of the defendant was handling a box of merchandise while on a ladder. This employee dropped this box of merchandise, which fell directly upon the plaintiff, causing him severe and permanent bodily injuries.

8.  As a result thereof, the plaintiff was obliged to spend great sums of money for medical care and attendance, was prevented from transacting business, was prevented from carrying out his usual occupation and lost great sums of money because of lost earnings, all as a result of the negligence of the defendant, its agents, servants or employees. The plaintiff further has suffered serious and permanent loss of bodily function, and was caused to be disabled and continues to be disabled, said disability being permanent.

WHEREFORE, the plaintiff demands judgment against the defendant, together with costs for bringing this action.

## COUNT II.  BREACH OF IMPLIED WARRANTY OF HABITABILITY

2005 APR -6  PM 3: 30

## AND FITNESS FOR USE

9.     The plaintiff repeats and realleges all facts contained in paragraphs 1 through 8 of this Complaint as if fully set out herein.

10.    On or about April 28, 2002, the plaintiff, Walter Wythe, Jr., was a business invitee upon the premises of the defendant and was, in fact, shopping on the premises of the defendant at the defendant's invitation.

11.    At said time and place, the defendant failed in its obligation to maintain the areas and passageways of its premises in a safe and habitable condition.  More particularly, the defendant has an obligation to maintain the aisle ways and areas where business invitees are invited in a safe condition.

12.    The defendant failed in its obligation to maintain the aisle ways of its store in a safe condition and through the activities of the defendant's agents, servants and employees, caused a hazardous condition to exist, said condition resulting in the severe injury to the plaintiff.

13.    As a result thereof, the plaintiff was severely injured and was obliged to expend great sums of money for medical care and attendance, was prevented from transacting business, was prevented from carrying out his usual occupation and lost great sums of money because of lost earning, all as a result of the failure of the defendant to maintain the premises in a safe condition.  The plaintiff has further suffered serious and permanent loss of bodily function, and was caused

to be disabled as a result of injuries received in this accident, and continues to be disabled, said disability being permanent.

WHEREFORE, the plaintiff demands judgment against the defendant for damages suffered and costs of bringing this action.

WALTER WYTHE, JR.,
By his Attorney,

John T. Spinale, Esquire
SPINALE & SPINALE
45 Bristol Drive
South Easton, MA 02375-1916
(508) 230-5353
BBO #475540

Date: February 9, 2005

**STATEMENT OF DAMAGES**
St. 1996. c. 358, § 5

**Trial Court of Massachusetts**
**District Court Department**

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| WALTER WYTHE, JR. | LOWE'S HOME CENTERS, INC. |

INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES IN BARNSTABLE, BERKSHIRE, BRISTOL, DUKES, ESSEX, FRANKLIN, HAMPDEN, HAMPSHIRE, MIDDLESEX, NANTUCKET AND NORFOLK COUNTIES.

2005 APR -6 PM 3: 30
BROCKTON _____ DISTRICT COURT

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
| 1. Total hospital expenses: | $ 7,372.47 |
| 2. Total doctor expenses: | $ 4,645.00 |
| 3. Total chiropractic expenses: | $ |
| 4. Total physical therapy expenses: | $ 2,156.00 |
| 5. Total other expenses (Describe): __MRIs__ | $ 5,590.00 |
| SUBTOTAL: | $ 19,763.47 |
| B. Documented lost wages and compensation to date: | 40,000.00 |
| C. Documented property damages to date: | |
| D. Reasonably anticipated future medical and hospital expenses: | 10,000.00 |
| E. Reasonably anticipated lost wages: | 20,000.00 |
| F. Other documented items of damage (Describe): _____ | |

G. Brief description of Plaintiff's injury, including nature and extent of injury (Describe):
On or about 4/28/02, while the plaintiff was shopping at the premises of the defendant, a box of merchandise fell upon the plaintiff, causing him to suffer severe and permanent bodily injury.

For this form, disregard double or treble damage claims; indicate single damages only. **TOTAL:** $ 89,763.47

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): _____ | $ |
| _____ | $ |
| _____ | $ |
| For this form, disregard double or treble damage claims; indicate single damages only. **TOTAL:** | $ |

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF): | DEFENDANT'S NAME AND ADDRESS: |
|---|---|
| _[signature]_ Feb. 9, 2005 | Lowe's Home Centers, Inc. |
| Signature / Date | |
| John T. Spinale, Esq. 475540 | 135 Westgate Drive |
| Printed Type Name / B.B.O.# | |
| 45 BRistol Dr., So. Easton, MA 02375 | Brockton, MA 02301 |
| Address | |

LAW OFFICES

## SPINALE & SPINALE

45 BRISTOL DRIVE

SO. EASTON, MASSACHUSETTS 02375 '05 MAR -6 PM 3: 30

JOHN T. SPINALE
JOHN (JAY) S. SPINALE

(508) 230-5353
FAX (508) 230-5310

April 15, 2004

SRS
P.O. Box 29618
Charlotte, NC 28229

**ATTENTION: LEE SMITH**

RE:    Your Client:          Lowe's Company, Inc.
       Claimant:             Walter Wythe, Jr.
       Date of Accident:     04/28/2002
       Your Claim #:         **CFA32177**

Dear Ms. Smith:

As you know, I represent Walter Wythe, Jr. in his claim against Lowe's Company, Inc. as a result of injuries received in the above incident. I am enclosing at this time a package of documents regarding my client's claim as a result of these injuries. This accident occurred when my client was a business invitee at the Lowe's store in Brockton, MA. He was walking in an aisle he believed was Aisle #29 and was near a spot where an employee was up on a ladder getting a box from an upper shelf. The employee dropped the box and it fell, striking Mr. Wythe on the head. He believes this knocked him down and he had to get up. The employee on the ladder came to him and said that he was sorry. Mr. Wythe felt stunned and quite upset. He was interviewed by a person identified as an Assistant Manager in the store at that time, and he submitted a written report to this person in regard to what had happened. I suggest to you that liability in this matter is clear.

At the time this happened, Mr. Wythe had a friend waiting for him in his car outside the store. He went to his car and had his friend drive him to the Brockton Hospital where he was examined, x-rayed, treated, given a neck brace and medication, and released with instructions to see his primary care physician. He was diagnosed as having a closed head injury and cervical strain. Enclosed in this package is a copy of the report of the Brockton Hospital.

Mr. Wythe saw his primary care physician, Dr. Bradley Harris, on April 30, 2002. He again was examined, given medications and told to wear his neck brace and to stay out of work. At this time Mr. Wythe was experiencing severe headaches, neck and shoulder pain, and pain down his left arm, as well as down his back. He

SRS
Attn: Ms. Smith
RE: WYTHE / LOWE'S #CFA 32177
Apr. 15, 2004
Page 2

2005 APR -6 PM 3: 34

was not able to lay down and had to sleep in a chair at home. Mr. Wythe continued to be treated by Dr. Harris and continued to remain out of work. However, his symptoms did not improve and, in fact, seemed to get worse. He, therefore, was sent for an MRI which took place on May 22, 2002, and which showed bulging discs at C4-5 and C5-6 without significant nerve impingement. He was told to stay out of work and was referred to physical therapy. Mr. Wythe began physical therapy at Braintree Healthsouth Hospital and continued with physical therapy on a regular basis until August 1, 2002. At this time he seemed to be somewhat improved and was given a home exercise program to follow. His improvement, however, was minor and he continued to have significant symptoms. He continued to have severe headaches with pain in his neck and shoulders and down both arms.

In August of 2002, Dr. Harris told my client he could try working on a light-duty basis to see how it went. He is a union laborer who was working as a foreman, and this is heavy physical work. He did, however, go back to work for Boston Building & Bridge Corporation on August 26, 2002 at $23.50 per hour. This is $1.00 per hour less than he was earning at the time that his accident occurred. He worked in severe pain and discomfort, but was in a position where he was completely out of funds and had to have some income to survive. Mr. Wythe said he had to take about 10 Percocets a day to get through the workday.

Because of the persistent severe symptoms, Dr. Harris referred Mr. Wythe to a neurosurgeon, Dr. Dawn Pearson, for further evaluation. Dr. Pearson saw him on October 3, 2002 and found significant loss of range of motion to the neck and loss of sensation to pinprick over both arms and suggested further diagnostic testing. MRIs of the spine were taken shortly thereafter and showed central disc herniation at T6-7, but no other abnormalities.

Mr. Wythe continued to use Percocets to get him through the workday, but this became more and more difficult, and finally he was forced to stop work on December 16, 2002. Dr. Pearson had recommended additional physical therapy; however, Mr. Wythe said that the physical therapy made his symptoms worse, and he was reluctant to do this. He was then referred to Dr. Michael Marciello, a pain and rehabilitation therapist.

I have enclosed in this package the bills and notes of Dr. Harris, Dr. Pearson and the Braintree Healthsouth Rehabilitation Hospital. These notes fairly well detail the complaints, findings, treatments and disability of Mr. Wythe. He then began treatment with Dr. Marciello on February 11, 2003.

SRS
Attn:  Ms. Smith
RE:  WYTHE / LOWE'S #CFA 32177
Apr. 15, 2004
Page 3

2005 APR -6  PM 3: 34

Dr. Marciello gave him some injections and this seemed to help the stiffness in his neck somewhat, but not very much.  He continued to have headaches and pain in both arms.  Also, he continued to be unable to work.  He was, however, able to reduce the use of Percocets to no more than 1 or 2 a day while he was out of work. Additionally, he continued to experience some dizziness.

Mr. Wythe continued treating with Dr. Marciello and finally went back to work again on April 1, 2003.  This time he was working as a laborer, not a foreman.  This, of course, means that he was making less money.  He went back to work at $20.85 an hour.  He continued to work at this rate until February 1, 2004 when the hourly rate was increased to $21.20.  As a foreman he was guaranteed 40 hours per week and had a company pick up truck to use.  He does not have these advantages as a laborer.

He continued to see Dr. Marciello and had several more cortisone shots through the year 2003.  This seemed to help some, but significant symptoms remained. Also enclosed in this package of documents are the notes of Dr. Marciello and his narrative report dated March 23, 2004.  As you can see, Dr. Marciello now believes that Mr. Wythe has reached a medical end result, and that he has a 10% permanent impairment of the whole person as a result of injuries received in this accident.  Mr. Wythe continues to take 3-4 Percocets to get him through the day's work, and takes many other medications to address symptoms caused by this accident.  This includes medication for depression.

Special damages incurred by my client to date as a result of injuries received in this accident are as follows:

| | |
|---|---:|
| Brockton Hospital | $    443.18 |
| Tri-County Medical Associates (Dr. Harris) | 1,137.00 |
| Milford-Whtingsville Regional Hospital | 1,390.00 |
| Braintree Healthsouth Rehabilitation Hospital | 2,156.00 |
| Neurology Associates (Dr. Pearson) | 555.00 |
| Open MRI of Dedham | 4,200.00 |
| Milford Emergency Associates (Dr. Marciello) | 1,600.00 |
| Faulkner Hospital | 6,929.29 |
| Lost Wages | 40,000.00 |
| | |
| Special Damages | $58,410.47 |

SRS
Attn: Ms. Smith
RE:  WYTHE / LOWE'S #CFA 32177
Apr. 15, 2004
Page 4

2005 APR -6  PM 3: 34

I do not believe that these medical bills listed above include the most recent visits to Dr. Marciello and his most recent cortisone shots.

At the time of this accident, Mr. Wythe was 37 years of age, divorced without children, and was living by himself.  He did not graduate from high school, but did obtain a G.E.D.  He was employed as a union laborer as a foreman, earning $24.50 per hour, plus his health and welfare benefits, which amounted to more than $10.00 per hour.  He also had use of the company truck.  He was out of work 17 weeks from the time of this accident until he tried working again in August of 2002.  Enclosed in this package is a wage letter from EJ Sciaba Company.  This shows the total paid to Mr. Wythe the 11 months prior to the accident, which was the total period of employment by this employer.  The gross wages were $53,471.   This amounts to about $57,000 per year, or $1,150 per week.  This, of course, does not consider the loss of health and welfare benefits, which he suffered during this time.

Although Mr. Wythe continues to work, he is making less money, and his doctor has repeatedly advised him to stop working.  In fact, as you can see from Dr. Marciello's report, he has advised Mr. Wythe to change his occupation.  With Mr. Wythe's limited education and work experience, this is very difficult.  He is not suited for technical-type work, and with his limited education, and now physical limitations, retraining is very difficult.  He is not married and lives by himself.  He has to support himself and cannot continue to do this type of work.  Also, as you can see, he takes an unusual amount of medications to get himself through the day and to get a night's sleep.  Mr. Wythe, however, does want to get on with his life.  In order to do this, it will be necessary for him to make substantial changes in his lifestyle.  Also, enclosed in this package are copies of income tax returns for the years 2001, 2002 and 2003.  As you can see, Mr. Wythe's income has dropped substantially in the 2 years since this accident occurred.

Having in mind that this is a clear liability case, and that Mr. Wythe has been assessed as suffering a 10% permanent loss of function of the whole person at now age 39, I suggest to you that reasonable compensation for the loss suffered as a

SRS
Attn:  Ms. Smith
RE:  WYTHE / LOWE'S #CFA 32177
Apr. 15, 2004
Page 5

2005 APR -6  PM 3: 34

result of this injury would be $275,000.  May I ask that you contact me upon review of
this so that we may discuss this matter further.

Very truly yours,

SPINALE & SPINALE

John T. Spinale

JTS/pct
Enc.

COMMONWEALTH OF MASSACHUSETTS

RECEIVED

PLYMOUTH, SS                    05 MAR 25  PM 3:50  BROCKTON DISTRICT COURT
                                                    CIVIL ACTION NO: 0515CV264

                               BROCKTON DISTRICT COURT
                                   CLERK'S OFFICE

WALTER WYTHE, JR.,              )
         Plaintiff,            )
                               )
v.                             )
                               )
LOWE'S HOME CENTERS, INC.,     )
         Defendant.            )
                               )

## ANSWER AND JURY DEMAND OF DEFENDANT LOWE'S HOME CENTERS, INC.

Defendant Lowe's Home Centers, Inc. ("Lowe's") responds to the plaintiff's Complaint paragraph by paragraph as follows:

### PARTIES

1.    Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.    Lowe's admits that it is a duly organized corporation.  Lowe's denies all other allegations contained in Paragraph 2.

### COUNT I – NEGLIGENCE

3.    Lowe's admits that, on or about April 28, 2002, it owned and operated a retail store known as a home improvement center at 135 Westgate Drive, Brockton, Massachusetts, which was open to the public for business purposes.  Lowe's denies all other allegations contained in Paragraph 3.

4.    Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5.    Lowe's denies the allegations contained in Paragraph 5.

6.    Lowe's denies the allegations contained in Paragraph 6.

7.    Lowe's denies the allegations contained in Paragraph 7.

8.    Lowe's denies the allegations contained in Paragraph 8.

A TRUE COPY ATTEST

CLERK OF SAID COURT

WHEREFORE, Lowe's denies that the plaintiff is entitled to judgment or relief in any amount.

948359v1

( 11 - 13 )

## COUNT II

### BREACH OF IMPLIED WARRANTY OF HABITABILITY AND FITNESS FOR USE

9.      Lowe's repeats and realleges its responses to Paragraphs 1 through 8 as if set forth in full herein.

10.     Lowe's is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.     Lowe's admits it is obligated to maintain the aisle ways and areas where business invitees are invited in a safe condition.  Lowe's denies all other allegations contained in Paragraph 11.

12.     Lowe's denies the allegations contained in Paragraph 12.

13.     Lowe's denies the allegations contained in Paragraph 13.

WHEREFORE, Lowe's denies that the plaintiff is entitled to judgment or relief in any amount.

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Lowe's denies each and every allegation of the plaintiff's Complaint except as specifically admitted above.

### THIRD AFFIRMATIVE DEFENSE

Lowe's is not guilty of any negligence.

### FOURTH AFFIRMATIVE DEFENSE

The damage the plaintiff alleges was caused in whole or in part by the plaintiff's own negligence.

### FIFTH AFFIRMATIVE DEFENSE

The negligence of the plaintiff was greater than the alleged negligence of Lowe's and such negligence of the plaintiff contributed to his alleged injuries; therefore, the plaintiff is barred from recovery under M.G.L. Chapter 231 Section 85.

948359v1

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff is guilty of contributory negligence and the damages, if any, recovered by the plaintiff from Lowe's should be reduced in proportion to the said negligence of the plaintiff in accordance with M.G.L. Chapter 231 Section 85.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries and damages were not proximately caused by Lowe's.

### EIGHTH AFFIRMATIVE DEFENSE

If the plaintiff suffered injuries as alleged, such injuries were a result of the plaintiff's breach of his duty to exercise due care to protect and ensure his own safety.

### NINTH AFFIRMATIVE DEFENSE

If the plaintiff was injured as alleged, such injuries were due to the intervening or superseding acts or negligence of another, for which Lowe's is not liable.

### TENTH AFFIRMATIVE DEFENSE

If the plaintiff suffered damages as alleged, someone for whose conduct Lowe's was not and is not legally responsible caused such damages.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff failed to give due notice to the defendant of the alleged breach of warranty as required by law, and Lowe's was prejudiced thereby; wherefore, the plaintiff cannot recover.

### TWELFTH AFFIRMATIVE DEFENSE

The plaintiff failed to make sufficient service of process.

### THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiff failed to serve sufficient process.

### FOURTEENTH AFFIRMATIVE DEFENSE

The plaintiff has filed his Complaint in an improper venue, warranting dismissal or, in the alternative, transfer of the case to a more appropriate venue in accordance with M.G.L. Chapter 223.

### FIFTEENTH AFFIRMATIVE DEFENSE

Lowe's reserves the right to add such other and further defenses as become apparent during the course of discovery.

948359v1

## JURY CLAIM

Lowe's demands a trial by jury as to all issues.

> Defendant,
> Lowe's Home Centers, Inc.,
> By its Attorneys,
>
> *Jacy L. Wilson*
> Thomas C. Federico, BBO #160830
> Jacy L. Wilson, BBO #658923
> Morrison Mahoney LLP
> 250 Summer Street
> Boston, MA 02210
> (617) 439-7500

Dated: *March 23, 2005*

## CERTIFICATE OF SERVICE

I, Jacy L. Wilson, hereby certify that a true and correct copy of the foregoing document was served by mail upon the following attorney of record on March *23*, 2005:

> John T. Spinale, Esquire
> Spinale & Spinale
> 45 Bristol Drive
> South Easton, MA 02375

> *Jacy L. Wilson*
> Jacy L. Wilson, Esquire

948359v1

# MORRISON MAHONEY LLP

COUNSELLORS AT LAW

RECEIVED
05 MAR 25 PM 3: 50
BROCKTON DISTRICT COURT
CLERK'S OFFICE

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

Jacy L. Wilson
Phone: 617-737-8865
Fax: 617-342-4850
jwilson@morrisonmahoney.com

MASSACHUSETTS    CONNECTICUT
BOSTON          HARTFORD
FALL RIVER
SPRINGFIELD     NEW YORK
WORCESTER       NEW YORK

RHODE ISLAND     ENGLAND
PROVIDENCE       LONDON

March 23, 2005

Civil Clerk's Office
Brockton District Court
215 Main Street
P.O. Box 7610
Brockton, MA 02303-7610

Re:    Walter Wythe, Jr. v. Lowe's Home Centers, Inc.
       Brockton District Court, Plymouth County
       Civil Action No.: 0515CV264
       Our File No.: 10018033

Dear Sir or Madam:

Enclosed please find the following document to be filed in connection with the above-referenced action:

**Answer and Jury Demand of Defendant Lowe's Home Centers, Inc.**

Thank you.

Sincerely,

Jacy L. Wilson

Enclosure
cc:    John T. Spinale, Esquire

948838v1

| NOTICE OF CASE MANAGEMENT CONFERENCE | DOCKET NUMBER 200515CV000264 | Trial Court of Massachusetts District Court Department Civil Session |  |
|---|---|---|---|

CASE NAME  **WALTER WYTHE JR. vs. LOWE'S HOME CENTERS, INC.**

| PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED | CURRENT COURT |
|---|---|
| COURT COPY | Brockton District Court<br>215 Main Street<br>P.O. Box 7610<br>Brockton, MA 02303-7610<br>(508) 587-8000 |

| ATTORNEY FOR PARTY TO WHICH THIS COPY OF NOTICE IS ISSUED | | |
|---|---|---|
| COURT COPY | **CASE MANAGEMENT CONFERENCE SCHEDULED for 07/11/2005 02:00 PM (Dist Ct Standing Order 1-98).** | ←←←←←<br>WHEN YOU MUST APPEAR<br>←←←←← |
| | ROOM/SESSION | |

| COURT CONTACT PERSON & TELEPHONE NO. | JUDGE OR MAGISTRATE (if already assigned) |
|---|---|

Pursuant to Mass. R. Civ. P.16 and G.L. c. 221, ss 62C, counsel for all parties to this action are **ORDERED** to appear at a case management conference at this court on the above date and time to report on the status of this action.

1. **Agenda.**  The purpose of the case management conference is to determine the trial readiness of the case; offer and conduct early-intervention alternative dispute resolution; establish deadlines for discovery, amendment of pleading, addition of parties, dispositive motions, and disclosure of expert witnesses; resolve any discovery dispute and address pending motions; review any proposed case management orders submitted by any party; enter case management orders as appropriate; and assign a firm trial date for cases ready for trial or a firm pretrial conference date for all cases not ready for trial.

2. **Obligations of Counsel.**  Counsel shall be familiar with the facts of the case and shall have authority to settle and to select firm dates for trial or pretrial conference. Clients or persons with settlement authority shall be available for telephone consultation with counsel during the case management conference.  Counsel shall serve any proposed case management orders and motions to opposing counsel in advance of the case management conference.  Counsel are **not** required to prepare any memorandum for the case management conference.

3. **Continuances.**  Request for continuances of the case management conference for good cause shall be addressed in writing to the judge named below and shall list all dates in the next thirty days that counsel is unavailable for the case management conference.

4. **Liaison.**  Please call the court contact person listed above with any questions or to report settlement.

A TRUE COPY ATTEST

*Kevin P. Creedon*

CLERK OF SAID COURT

| DATE ISSUED 03/31/2005 | JUDGE ISSUING ORDER Hon. David G. Nagle, Jr. | CLERK-MAGISTRATE C-M Kevin P. Creedon |
|---|---|---|

Date/Time Printed:   03/31/2005 10:02 AM

Uniform Form DCM-13
AR4 - 76

# Commonwealth of Massachusetts

2005 MAR 10 PM 1: 45

## TRIAL COURT OF MASSACHUSETTS
## DISTRICT COURT DEPARTMENT
## BROCKTON DIVISION

Plymouth, ss

Civil Action No. 0515 CV 264

## SUMMONS
### (Rule 4)

To defendant _____ Lowe's Home Centers, Inc., 135 Westgate Dr., Brockton, MA 02301
(NAME)                                    (ADDRESS)

You are hereby summoned and required to serve upon _____ John T. Spinale, Esquire _____, plaintiff(s) attorney), whose address is 45 Bristol Dr., So. Easton, MA 02375, a copy of your answer to the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this court either before service upon plaintiff('s attorney), or in 5 days thereafter. If you fail to meet the above requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS, David G. Nagle, First Justice, on _____ 3/4/05 _____

(Date)

SEAL

_____ Clerk/Magistrate _____

Note: (1)  When more than one defendant is involved, the name of all defendants should appear in the action. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

(2)  The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons before it is served.

## RETURN OF SERVICE

On _____ March 4 2005 at 3:10 PM _____ I served a copy of the within summons, together with a copy of the complaint in
(Date of Service)

this action, upon the within name defendant, in the following manner (see Rule 4 (d) (1-5): by delivering in hand to Rego Hernandes Manager of Lowe's Home Centers Inc., 135 Westgate Drive Brockton, MA 02301

A TRUE COPY ATTEST

_____ (Signature)

_____ Sarey K. Corey Constable _____
(Name and Title)

CLERK OF SAID COURT

1444 Pheasant Ln, Middleton Mass 345
(Address)

Note:  (1)  The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney, as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the same time during which the person served must respond to the process. Rule 4 (f).

(2)  Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to the court and on the copy returned to the person requesting service or his attorney.

(3)  If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent (G.L. c.223, sec. 31).

This form prescribed by the Chief Justice of the District Court

LAW OFFICES

## SPINALE & SPINALE

45 BRISTOL DRIVE

SO. EASTON, MASSACHUSETTS 02375-1916

2005 MAR 10 PM 1: 45

(508) 230-5353

FAX (508) 230-5310

JOHN T. SPINALE

JOHN (JAY) S. SPINALE

March 8, 2005

Kevin P. Creedon, Clerk-Magistrate

Brockton District Court

P.O. Box 7610

Brockton, MA 02303-7610

RE:    Walter Wythe, Jr. v. Lowe's Home Centers, Inc.

C.A. No: 0515 CV 264

Dear Mr. Creedon:

I enclose for filing **RETURN OF SERVICE** in regard to the above-entitled matter,.

Thank you for your cooperation.

Very truly yours,

SPINALE & SPINALE

John T. Spinale

pct

Enc.

COMMONWEALTH OF MASSACHUSETTS    2005 MAR 10 PM 1: 45

2005 FEB 22 AM 11: 10

PLYMOUTH, SS.

BROCKTON DISTRICT COURT
C.A. NO: 0515CV264

========================
========================

WALTER WYTHE, JR.,            )
    Plaintiff            )
               )
               )
vs.                           )
               )
LOWE'S HOME CENTERS, INC.,    )
    Defendant            )

========================
========================

### MOTION FOR APPOINTMENT AS SPECIAL PROCESS SERVER AND ORDER OF APPOINTMENT

In accordance with the provisions of Rule 4c of the M.R.C.P., the undersigned hereby moves that this Honorable Court appoint Mass Constable Service, 1004 Pheasant Lane, Middleboro, MA, as process server in the above-entitled matter. The undersigned swears that to the best of his knowledge and belief the person to be appointed process server is a Constable who is experienced in the service of process, is 18 years of age or over and is not a party to this action.

Respectfully submitted,
Attorney for the Plaintiff,

John T. Spinale, Esquire
SPINALE & SPINALE
45 Bristol Drive
South Easton, MA 02375-1916
(508) 230-5353
BBO #475540

A TRUE COPY ATTEST

CLERK OF SAID COURT

### ORDER APPOINTING SPECIAL PROCESS SERVER

The foregoing motion is allowed and pursuant to Rule 4c of the M.R.C.P. IT IS ORDERED THAT Mass Constable Service is hereby appointed as Special Process Server in the above-entitled matter.

A TRUE COPY ATTEST

By: _____

CLERK OF SAID COURT

SPINALE & SPINALE
ATTORNEYS AT LAW
45 BRISTOL DRIVE
S. EASTON, MA 02375-1916

(508) 230-5353

7

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

=================================

WALTER WYTHE, JR.,  )
     Plaintiff  )
       )
vs.  )
       )
LOWE'S HOME CENTERS, INC.,  )
     Defendant  )

=================================

BROCKTON DISTRICT COURT
C.A. NO: 0510 CV 264

**MOTION FOR APPOINTMENT
AS SPECIAL PROCESS SERVER
AND ORDER OF APPOINTMENT**

In accordance with the provisions of Rule 4c of the M.R.C.P., the undersigned hereby moves that this Honorable Court appoint Mass Constable Service, 1004 Pheasant Lane, Middleboro, MA, as process server in the above-entitled matter. The undersigned swears that to the best of his knowledge and belief the person to be appointed process server is a Constable who is experienced in the service of process, is 18 years of age or over and is not a party to this action.

A TRUE COPY ATTEST

*Kerry P. Cushm*

CLERK OF SAID COURT

Respectfully submitted,
Attorney for the Plaintiff,

John T. Spinale, Esquire
SPINALE & SPINALE
45 Bristol Drive
South Easton, MA 02375-1916
(508) 230-5353
BBO #475540

## ORDER APPOINTING SPECIAL PROCESS SERVER

The foregoing motion is allowed and pursuant to Rule 4c of the M.R.C.P. IT IS ORDERED THAT Mass Constable Service is hereby appointed as Special Process Server in the above-entitled matter.

By: _____

SPINALE & SPINALE
ATTORNEYS AT LAW
45 BRISTOL DRIVE
S. EASTON, MA 02375-1916

(508) 230-5353

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS.

BROCKTON DISTRICT COURT
C.A. NO: 0515 CV 264

```
================================
```
WALTER WYTHE, JR.,                )
      Plaintiff               )
                          )
vs.                               )        **COMPLAINT** 6987A000002/23/05CIVIL      180.00
                          )
LOWE'S HOME CENTERS, INC.,        )
      Defendant                )        6987A000002/23/05SURCHARGE    15.00
```
================================
```

<u>**PARTIES**</u>        6987A000002/23/05WRITS     5.00

1.    The plaintiff is Walter Wythe, Jr. of 268 Pleasant Street, Brockton,

     Massachusetts.

2.    The defendant is Lowe's Home Centers, Inc., a duly organized corporation,

     having its usual place of business at 135 Westgate Drive, Brockton,

     Massachusetts.

A TRUE COPY ATTEST

<u>**COUNT I.  NEGLIGENCE**</u>

CLERK OF SAID COURT

3.    On or about April 28, 2002, and at all other times material hereto, the defendant

     was the owner of, and person in control of, the premises located at 135

     Westgate Drive, Brockton, Massachusetts, and operated upon said premises a

     retail store known as a home improvement center which was open to the public

     and invited the public upon the premises for business purposes.

SPINALE & SPINALE
ATTORNEYS AT LAW
45 BRISTOL DRIVE
. EASTON, MA 02375-1916

(508) 230-5353

4.    On or about April 28, 2002, the plaintiff, Walter Wythe, Jr., was a business invitee and was lawfully upon the premises of the defendant, and, in fact, was there as a customer to do some shopping.

5.    At all times material hereto, while the plaintiff was on the premises of the defendant, the plaintiff was in the exercise of due care.

6.    On or about April 28, 2002, the defendant, by its agents, servants or employees, so carelessly and negligently handled boxes of merchandise so as to cause one box to fall upon the plaintiff, causing him to suffer severe and permanent bodily injury.

7.    More particularly, while the plaintiff was walking in an aisle doing some shopping, an employee of the defendant was handling a box of merchandise while on a ladder.  This employee dropped this box of merchandise, which fell directly upon the plaintiff, causing him severe and permanent bodily injuries.

8.    As a result thereof, the plaintiff was obliged to spend great sums of money for medical care and attendance, was prevented from transacting business, was prevented from carrying out his usual occupation and lost great sums of money because of lost earnings, all as a result of the negligence of the defendant, its agents, servants or employees.  The plaintiff further has suffered serious and permanent loss of bodily function, and was caused to be disabled and continues to be disabled, said disability being permanent.

WHEREFORE, the plaintiff demands judgment against the defendant, together with costs for bringing this action.

SPINALE & SPINALE
ATTORNEYS AT LAW
45 BRISTOL DRIVE
EASTON, MA 02375-1916
——
(508) 230-5353

2

## COUNT II.  BREACH OF IMPLIED WARRANTY OF HABITABILITY

## AND FITNESS FOR USE

9.    The plaintiff repeats and realleges all facts contained in paragraphs 1 through 8

of this Complaint as if fully set out herein.

10.    On or about April 28, 2002, the plaintiff, Walter Wythe, Jr., was a business

invitee upon the premises of the defendant and was, in fact, shopping on the

premises of the defendant at the defendant's invitation.

11.    At said time and place, the defendant failed in its obligation to maintain the

areas and passageways of its premises in a safe and habitable condition.  More

particularly, the defendant has an obligation to maintain the aisle ways and

areas where business invitees are invited in a safe condition.

12.    The defendant failed in its obligation to maintain the aisle ways of its store in a

safe condition and through the activities of the defendant's agents, servants and

employees, caused a hazardous condition to exist, said condition resulting in

the severe injury to the plaintiff.

13.    As a result thereof, the plaintiff was severely injured and was obliged to expend

great sums of money for medical care and attendance, was prevented from

transacting business, was prevented from carrying out his usual occupation and

lost great sums of money because of lost earning, all as a result of the failure of

the defendant to maintain the premises in a safe condition.  The plaintiff has

further suffered serious and permanent loss of bodily function, and was caused

to be disabled as a result of injuries received in this accident, and continues to

be disabled, said disability being permanent.

WHEREFORE, the plaintiff demands judgment against the defendant for

damages suffered and costs of bringing this action.

<div style="margin-left: 50%;">

WALTER WYTHE, JR.,
By his Attorney,


John T. Spinale, Esquire
SPINALE & SPINALE
45 Bristol Drive
South Easton, MA 02375-1916
(508) 230-5353
BBO #475540
</div>

Date:  February 9, 2005

| STATEMENT OF DAMAGES<br>St. 1996, c. 358, § 5 | DATE FILED (to be added by Clerk) | DOCKET NO. (to be added by Clerk) | Trial Court of Massachusetts<br>District Court Department |
|---|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| WALTER WYTHE, JR. | LOWE'S HOME CENTERS, INC. |

| INSTRUCTIONS: THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT COURT CIVIL ACTIONS SEEKING MONEY DAMAGES IN BARNSTABLE, BERKSHIRE, BRISTOL, DUKES, ESSEX, FRANKLIN, HAMPDEN, HAMPSHIRE, MIDDLESEX, NANTUCKET AND NORFOLK COUNTIES. | 2005 FEB 22  AM 1:10<br><br>BROCKTON _____ DISTRICT COURT |
|---|---|

| TORT CLAIMS | AMOUNT |
|---|---|
| A. Documented medical expenses to date: | |
|    1. Total hospital expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 7,372.47 |
|    2. Total doctor expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 4,645.00 |
|    3. Total chiropractic expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ _____ |
|    4. Total physical therapy expenses: . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ 2,156.00 |
|    5. Total other expenses (Describe): __MRIs_____ | $ 5,590.00 |
| SUBTOTAL: | $ 19,763.47 |
| B. Documented lost wages and compensation to date: . . . . . . . . . . . . . . . . . | 40,000.00 |
| C. Documented property damages to date: . . . . . . . . . . . . . . . . . . . . . . . . . | |
| D. Reasonably anticipated future medical and hospital expenses: . . . . . . . . . . . . . . . . . . | 10,000.00 |
| E. Reasonably anticipated lost wages: . . . . . . . . . . . . . . . . . . . . . . . . . . . | 20,000.00 |
| F. Other documented items of damage (Describe): _____ | |
| G. Brief description of Plaintiff's injury, including nature and extent of injury (Describe):<br>On or about 4/28/02, while the plaintiff was shopping at the premises of the defendant, a box of merchandise fell upon the plaintiff, causing him to suffer severe and permanent bodily injury. | |
| For this form, disregard double or treble damage claims; indicate single damages only.   TOTAL: | $ 89,763.47 |

| CONTRACT CLAIMS | AMOUNT |
|---|---|
| Provide a detailed description of claim(s): _____ | $ _____ |
| | $ _____ |
| | $ _____ |
| For this form, disregard double or treble damage claims; indicate single damages only.   TOTAL: | $ |

| ATTORNEY FOR PLAINTIFF (OR PRO SE PLAINTIFF): | DEFENDANT'S NAME AND ADDRESS: |
|---|---|
| _[signature]_   Feb. 9, 2005 | Lowe's Home Centers, Inc. |
| Signature     Date | |
| John T. Spinale, Esq.   475540 | 135 Westgate Drive |
| Print or Type Name   B.B.O.# | |
| 45 BRistol Dr., So. Easton, MA 02375 | Brockton, MA 02301 |
| Address | |

4/02

LAW OFFICES

## SPINALE & SPINALE

45 BRISTOL DRIVE

SO. EASTON, MASSACHUSETTS 02375-1916    2005 FEB 22  AM 1: 10 (508) 230-5353

JOHN T. SPINALE                                                      FAX (508) 230-5310
JOHN (JAY) S. SPINALE

February 9, 2005

Kevin P. Creedon, Clerk-Magistrate
Brockton District Court
P.O. Box 7610
Brockton, MA 02303-7610

RE:    Walter Wythe, Jr. v. Lowe's Home Centers, Inc.
       C.A. No:

Dear Mr. Creedon:

I enclose for filing **COMPLAINT, STATEMENT OF DAMAGES,** and **MOTION FOR APPOINTMENT AS SPECIAL PROCESS SERVER AND ORDER OF APPOINTMENT** in regard to the above-entitled matter, along with my check in the amount of $200 as filing fee and the cost of a civil action summons. May i request this motion be allowed as presented and that you forward the summons and notice of docket number assigned in the self-addressed, stamped envelope provided for your convenience.

Thank you for your cooperation in this matter.

Very truly yours,

SPINALE & SPINALE

John T. Spinale

pct
Enc.